## J. H. A. BRAHTZ v. TRIUMPH FARMERS ELEVATOR COMPANY.[1]

October 22, 1920.

No. 21,912.

**Contract — preparation of building plans for grain elevator — breach of performance.**

A contract by plaintiff, a mechanical engineer, to prepare plans for the building of a grain elevator, to furnish copies at certain centers for the use of bidders, to attend to advertisement for bids, and to be present when bids were opened for the letting of the contract, *held* to be an entire contract.   Failure to advertise for bids as agreed, the furnishing of defective specifications, and failure to be present when bids were opened, were omissions of such importance as to defeat plaintiff's claim of substantial performance of the contract.

[1] Reported in 179 N. W. 561.

Action in the district court for Martin county to recover $300 upon a written contract. The case was tried before Dean, J., who at the close of the testimony denied plaintiff's motion for a directed verdict and a jury which returned a verdict for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Reversed.

*Allen & Seifert,* for appellant.

*Hiram S. Goff* and *Walter A. Plymat,* for respondent.

HALLAM, J.

Plaintiff is a mechanical and consulting engineer with offices at St. Paul and Mankato. In April, 1917, he entered into negotiations with defendant to prepare plans and specifications for the building of a fire proof concrete grain elevator at Triumph, Minnesota, and to perform certain other services in connection therewith. Plaintiff proceeded with the performance of the contract. The parties fell out, and plaintiff's plans were never used. Plaintiff sued for the agreed compensation. The question in the case was whether plaintiff had substantially performed his contract. The jury found for plaintiff. Defendant appeals. We think the assignments of error raise the question whether the evidence is sufficient to sustain this verdict. This seems to us the principal question on this appeal.

Defendant's elevator had burned and there was some haste to replace it in time to take care of the crop of 1917. The contract was in writing and it was entered into on April 25. It provided: That plaintiff should make complete plans and specifications for a fire proof elevator; that he would gather the data necessary for designing the house proper and specifications for all the mechanical equipment; that before proceeding with the detailed plans and specifications he would draw up a complete report, giving necessary sketches, showing proposed scheme of procedure and estimates of cost, the reports and sketches to be approved by defendant before proceeding further; that, with such report as a basis, and upon the determination of defendant as to design and arrangement of parts, he would proceed to draw final detailed plans and specifications for the work, which should include the design of building, and arrangement of all mechanical equipment, all mechanical equipment to be accurately described; that he would give one visit to Triumph for the letting of the

contract; that he would furnish copy for the advertising for bids and see that the letting was advertised in all the important papers; that he would file one complete set of all plans and specifications with defendant's secretary and also file copies with the Builders Exchange at St. Paul and Fargo, and have one copy at his office in St. Paul and one in his office in Mankato, in order that all contractors might be given an opportunity to figure on the same.

In fact plaintiff failed to perform his contract in the following particulars: He advertised for bids in but one paper, and that in Chicago on the thirtieth of May. The bids were to be opened at Triumph, June 2. He did not give a visit to Triumph for the letting of the contract, though he sent a representative. He never filed anywhere plans or specifications for the arrangement of the mechanical equipment. He filed plans and specifications for the house proper with the Builders Exchange of St. Paul and of Minneapolis, and one in each of his offices, but in each case, the specifications, while contained within a cover labeled "Specifications for Farmers Elevator Company of Triumph, Minnesota," were headed, "Bidders specifications of material and work necessary in the erection and completion of 50,000 bushels reinforced concrete grain elevator * * * for the Grenora Farmers Elevator Company, Incorporated, to be located at Grenora, North Dakota."

It is evident that the duties of plaintiff under the contract were twofold, first to prepare proper plans and specifications, and second to give proper attention to the securing of competitive bidding. As to the first, we need only say that we think there is evidence to sustain a finding that plaintiff substantially performed his contract. As to the second, the particulars in which it is admitted there was nonperformance are so numerous and important that we feel obliged to hold that there was failure of substantial performance. The failure to file plans and specifications for the mechanical equipment, the failure to advertise for bids, except in one paper, the misleading information as to the place where the elevator was to be constructed, the failure of plaintiff to be present in person at Triumph for the letting of the contract, taken together, seem to us of such manifest importance as to defeat plaintiff's claim of substantial performance.

The contract is entire and since it was not substantially performed there can be no recovery of compensation under it.

Order reversed.